IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**THOMAS CAREY SMITH, #43131** **PETITIONER**

v.  CASE No: 1:20-cv-00183-HSO-BWR

**BURL CAIN et al.** **RESPONDENTS**

## REPORT AND RECOMMENDATION

This matter comes before the Court on the pro se Petition for Writ of Habeas Corpus by a Person in State Custody [1], filed by Petitioner Thomas Carey Smith. [1] at 2. Respondents argue that the Petition should be dismissed because Smith has failed to state a claim upon which federal habeas relief can be granted and alternatively because Smith failed to exhaust state court remedies. Having reviewed the Petition [1], Memorandum [2], Response [11], state court record [12] and relevant law, it is recommended that Smith's Petition [1] be dismissed on the merits with prejudice because Smith clearly fails to state a claim upon which federal habeas relief can be granted.

I. BACKGROUND

Smith pleaded guilty in the Circuit Court of Pike County, Mississippi, to armed robbery in violation of Mississippi Code Annotated § 97-3-79. [1-2] at 2, [1-3] at 1-4, [1-4] at 1. He was sentenced on September 6, 2018 to serve a term of twenty-five years, with thirteen years suspended and five years of post-release supervision. [1-3] at 1. In his Petition, Smith argues that MDOC has miscalculated the time that he must serve for his conviction of armed robbery. [1] at 2-3. Smith claims that

Mississippi Code Annotated Sections 47-7-3, 47-7-3.2 and 97-3-2 provide that he may be released after serving fifty percent of his sentence. [2] at 3-4.

Smith made this argument to MDOC's administrative remedy program (ARP) and was informed that his conviction requires him to serve his sentence day for day. [1-6], [1-7], [11-3] at 2-8. Smith appealed the ARP decision to the Circuit Court of Greene County, Mississippi, and the Circuit Court agreed with MDOC. [1-8] at 2-9, [11-4] at 2-9. The Circuit Court and then the Mississippi Supreme Court denied Smith's requests to proceed with appeal in forma pauperis. [1-2] at 6. Smith's appeal to the Mississippi Supreme Court was dismissed for failure to pay the costs of appeal. [11-9].

In response to the Petition, Respondents argue that Smith has failed to state a claim upon which federal habeas relief may be granted because he has not alleged a deprivation of a right secured to him by the United States Constitution or the laws of the United States [11] at 8-9. Respondents further claim that Smith's Petition is due to be dismissed because he failed to exhaust state court remedies. *Id.* at 12-13.

## II. DISCUSSION

Petitioners seeking federal habeas corpus relief must allege the deprivation of "some right secured to him by the Constitution or the laws of the United States." *Irving v. Thigpen*, 732 F.2d 1215, 1216 (5th Cir. 1984). 28 U.S.C. § 2254(a) provides in relevant part that

> a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2254(a).

A petition for federal habeas corpus relief based on an argument that state courts are incorrectly applying their own law is not a basis for relief. *See Beazley v. Johnson*, 242 F.3d 248, 261 (5th Cir.2001) ("[T]he proper interpretation of state law is not cognizable in federal habeas proceedings."). State laws, however, may create liberty interests protected by the Due Process Clause of the United States Constitution. *See Kentucky Dep't of Corr. v. Thompson*, 490 U.S. 454, 460-61 (1989). In those situations, federal due process law sets the minimum procedures that are required before the state can deprive a person of that liberty interest. *See Wolff v. McDonnell*, 418 U.S. 539, 557 (1974). When a state has a system of mandatory parole, a liberty interest exists that implicates the procedural guarantees of the Due Process Clause. *See Bd. of Pardons v. Allen*, 482 U.S. 369, 373-74 (1987).

Parole in Mississippi is discretionary, and courts have consistently held that the Mississippi parole statutes do not confer a liberty interest to state inmates. *See Smith v. Mississippi Parole Bd.,* 478 F. App'x 97 (5th Cir. 2012) (dismissing MDOC prisoner's 42 U.S.C. § 1983 claim requesting parole determination); *Scales v. Mississippi Parole Bd.*, 831 F.2d 565 (5th Cir. 1987) (same); *Watson v. M.D.O.C./M.T.A.*, No. 1:21-cv-00180-SA-RP, 2022 WL 1019221 (N.D. Miss. Apr. 5, 2022) (dismissing MDOC prisoner's 28 U.S.C. § 2241 claim requesting parole determination); *McLin v. Johnson*, No. 3:19-cv-479-TSL-LRA, 2020 WL 1301613 (S.D. Miss. Feb. 18, 2020), report and recommendation adopted, (S.D. Miss. Mar. 18, 2020) (dismissing MDOC prisoner's § 28 U.S.C. 2254 claim requesting parole

determination); *Dedeaux v. Turner*, No. 1:18-cv-263-HSO-RHW, 2020 WL 1131488 (S.D. Miss. Mar. 9, 2020) (same); *King v. Lee*, No. 1:17-cv-112-SA-JMV, 2018 WL 1721934 (N.D. Miss. Apr. 9, 2018) (same). Smith's eligibility for release is a matter of Mississippi law and raises no issue arising under the United States Constitution or the laws of the United States. *See Wansley,* 769 F.3d at 312. Smith's Petition should be dismissed for failure to state a claim upon which federal habeas relief may be granted.

It is unnecessary for the Court to determine whether Smith exhausted his claim before the state courts because "[a]n application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(2). Because "it is perfectly clear that [Smith] does not raise even a colorable federal claim," the Court should act within its statutory authority and dismiss the Petition on the merits with prejudice. *See Mercadel v. Cain*, 179 F.3d 271, 276 (5th Cir.1999); *see also Cox v. Stephens,* 602 F. App'x 141, 147 (5th Cir. 2015).

### III. NOTICE OF RIGHT TO APPEAL/OBJECT

In accordance with Local Uniform Civil Rule 72(a)(3) and 28 U.S.C. § 636(b)(1), any party within fourteen days after being served a copy of this recommendation, may serve and file written objections to the proposed findings and recommendations. The District Judge at that time may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. The District Judge may

also receive further evidence or recommit the matter to the Magistrate Judge with instructions.

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this Report and Recommendation within fourteen days after being served with a copy shall bar that party, except under grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected. *Douglass v. United Servs. Auto. Ass'n.,* 79 F.3d 1415, 1428-29 (5th Cir. 1996), *superseded by statute on other grounds,* 28 U.S.C. §636(b)(1). An objecting party must specifically identify the findings, conclusions, and recommendations to which he objects. The District Judge need not consider frivolous, conclusive, or general objections.

**SIGNED**, this the 16th day of December, 2022.

*s/ Bradley W. Rath*
HONORABLE BRADLEY W. RATH
UNITED STATES MAGISTRATE JUDGE