IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| **THOMAS CAREY SMITH, #43131** § | | **PETITIONER** |
| § | | |
| § | | |
| v. § | | **Civil No. 1:20cv183-HSO-BWR** |
| § | | |
| § | | |
| **BURL CAIN, et al.** § | | **RESPONDENTS** |

**ORDER ADOPTING MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION [18] AND DISMISSING
PETITION [1] FOR WRIT OF HABEAS CORPUS WITH PREJUDICE**

This matter comes before the Court on the Report and Recommendation [18] of United States Magistrate Judge Bradley W. Rath, entered in this case on December 16, 2022. The Magistrate Judge recommended that Petitioner Thomas Carey Smith's Petition [1] for Writ of Habeas Corpus be dismissed with prejudice for failure to state a claim upon which habeas relief may be granted. R. & R. [18] at 5. Petitioner has not objected to the Report and Recommendation [18]. After due consideration of the Report and Recommendation [18], the record, and relevant legal authority, the Court finds that the Magistrate Judge's Report and Recommendation [18] should be adopted, and that Petitioner's Petition for Writ of Habeas Corpus should be dismissed with prejudice.

I. BACKGROUND

A. Factual background

On September 6, 2018, Petitioner Thomas Carey Smith ("Petitioner" or "Smith") pled guilty to a charge of armed robbery in the Circuit Court of Pike

County, Mississippi. *See* Ex. [1-3] at 1. He was sentenced to a term of imprisonment of 25 years in the custody of the Mississippi Department of Corrections ("M.D.O.C."), with 13 years suspended, as well as a term of post-release supervision of five years. *See id.*

In this proceeding, Petitioner insists that Mississippi Code §§ 47-7-3, 47-7-3.2, and 97-3-2 provide that he is eligible for release after serving 50% of his 12-year sentence, but that "M.D.O.C. simply [is] not comply with the laws." Mem. [2] at 13. Petitioner filed a request for administrative remedy through M.D.O.C.'s Administrative Remedy Program ("ARP") concerning the calculation of his term of imprisonment, which was denied. *See* Exs. [1-5], [1-6], [1-7]. He then filed a petition for judicial review in the Circuit Court of Greene County, Mississippi, *see* Ex. [1-8], but the Circuit Court affirmed the decision in the ARP, *see* Ex. [11-5] at 1. Petitioner appealed that decision to the Mississippi Supreme Court, but the Circuit Court and then the Supreme Court denied leave to proceed in forma pauperis on appeal. *See* Exs. [11-6], [11-7]. Petitioner filed a motion for rehearing en banc concerning his request to proceed as a pauper, which was denied, *see* Ex. [11-8], and on April 14, 2020, the appeal was dismissed for failure to pay the costs of the appeal, *see* Ex. [11-9].

B. <u>Procedural history</u>

On June 1, 2020, Petitioner filed a Petition [1] for Writ of Habeas Corpus in this Court. He states that there is a post-conviction relief collateral proceeding pending in state court, which "<u>is not</u> the issue of this current habeas petition (only

the sentence is)," and his Petition "does not challenge his conviction in Pike County." Pet. [1] at 2 (emphasis in original). Instead, Petitioner's "challenge in this Petition is only against M.D.O.C.'s calculation of the amount of time that must be served before he becomes eligible for release on his sentence." Id. (emphasis in original).

Respondents filed an Answer [11] arguing that Petitioner had failed to state a claim upon which federal habeas relief can be granted because he has not alleged the deprivation of a right secured to him by federal law. See Ans. [11] at 7-11. Alternatively, Respondents contend that Petitioner has failed to exhaust his claim in state court and has procedurally defaulted it by failing to pay the costs of appeal, meaning that he no longer has an avenue available to pursue his claim in state court. See id. at 12-16.

On December 16, 2022, the Magistrate Judge entered a Report and Recommendation [18] finding that parole in Mississippi is discretionary and that Mississippi parole statutes do not confer a liberty interest upon state inmates. See R. & R. [18] at 3-4 (collecting cases). The Magistrate Judge determined that Petitioner's "eligibility for release is a matter of Mississippi law and raises no issue arising under the United States Constitution or the laws of the United States." Id. The Magistrate Judge therefore recommended that the Petition be dismissed on its merits with prejudice for failure to state a claim upon which federal habeas relief may be granted. See id. at 4. No party has filed an objection to the Report and Recommendation [18], and the time to do so has passed. See Fed. R. Civ. P.

72(b)(2); L.U. Civ. R. 72(a)(3).

## II. DISCUSSION

Where no party has objected to a magistrate judge's report and recommendation, the Court need not conduct a de novo review of it. 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."). In such cases, the Court applies the "clearly erroneous, abuse of discretion and contrary to law" standard of review. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989).

Having conducted the required review of the record, the Court concludes that the Magistrate Judge's findings are not clearly erroneous, nor are they an abuse of discretion or contrary to law. *See id.* The Petition should be dismissed with prejudice for failure to state a claim upon which federal habeas relief can be granted.

## III. CONCLUSION

The Court will adopt the Magistrate Judge's Report and Recommendation [18] as the opinion of this Court and will dismiss the Petition [1] for Writ of Habeas Corpus with prejudice.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, the Report and Recommendation [18] of United States Magistrate Judge Bradley W. Rath, entered in this case on December 16, 2022, is adopted in its entirety as the finding of this Court.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, Petitioner Thomas Carey Smith's Petition [1] for Writ of Habeas Corpus is **DISMISSED WITH PREJUDICE** for failure to state a claim upon which federal habeas relief may be granted.

**SO ORDERED AND ADJUDGED**, this the 20th day of January, 2023.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE